# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JANICE B. COLEMAN, | Case No.: 2:10-cv-00521-RLH-RJJ |
| Plaintiff, | **O R D E R** |
| vs. | (Motion to Dismiss or, in the Alternative, for Summary Judgment–#6) |
| DIAMOND RESORTS INTERNATIONAL, LLC, d/b/a POLO TOWER, a Nevada Company; and DOES and ROES I through X, inclusive, | |
| Defendants. | |

       Before the Court is Defendant Diamond Resorts International, LLC d/b/a/ Polo Tower's **Motion to Dismiss or, in the Alternative, for Summary Judgment** (#6), filed May 12, 2010. The Court has also considered Plaintiff Janice Coleman's Opposition (#8), filed May 24, 2010, and Diamond Resorts' Reply (#10), filed June 1, 2010.

## BACKGROUND

       Plaintiff Janice Coleman, who appears pro se, has filed federal claims for discrimination and retaliation against Defendant Diamond Resorts International, LLC d/b/a Polo Tower, who Coleman alleges is her former employer. Diamond Resorts now moves to dismiss Coleman's claim, or in the alternative for summary judgment, alleging it never employed Coleman. For the reasons discussed below, the Court grants Diamond Resorts' motion.

1

AO 72
(Rev. 8/82)

# DISCUSSION

The Court addresses Diamond Resorts' alternative motion for summary judgment because Coleman has stated sufficient facts against Diamond Resorts to withstand a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## I.     Legal Standard

A court will grant summary judgment if "the pleadings, the discovery and disclosure materials on file, and any affidavits show there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). An issue is "genuine" if there is a sufficient evidentiary basis on which a reasonable fact-finder could find for the nonmoving party, and a dispute is "material" if it could affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49 (1986). In evaluating a motion, a court views all facts and draws all inferences in the light most favorable to the nonmoving party. *Zoslaw v. MCA Distrib. Corp.*, 693 F.2d 870, 883 (9th Cir. 1982).

The movant bears the burden of showing that there are no genuine issues of material fact. *Id.* "In order to carry its burden of production, the moving party must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000). Once the movant satisfies the requirements of Rule 56, the burden shifts to the party resisting the motion to "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256; *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). The nonmoving party "may not rely on denials in the pleadings but must produce specific evidence, through affidavits or admissible discovery material, to show that the dispute exists," *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991), and "must do more than simply show that there is some metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 586 (1986).

**II.     Analysis**

In moving for summary judgment, Diamond Resorts submits affidavit testimony from Elizabeth Brennan, Diamond Resorts' registered agent, indicating that "Diamond Resorts International" is a trademark used by Coleman's employer, but that Diamond Resorts' International, LLC has never employed any individuals and does not own any real property. Brennan further testifies that Diamond Resorts never had the power to hire Coleman, determine her salary, or terminate her employment.  Also, in its reply, Diamond Resorts indicates that Coleman's true employers, and thus the correct defendants in this case, are Resort Property Management and Diamond Resorts Centralized Services USA, LLC.

Coleman asks the Court to deny Diamond Resorts' motion for summary judgment because there is sufficient evidence indicating that Diamond Resorts International, LLC was her employer.  In support of this assertion, Coleman provides documentation from the website of the Nevada Secretary of State.  The printout Coleman provides lists information regarding the "Nevada Resort Properties Polo Towers Limited Partnership." (Dkt. #8, Ex. B 1.)  The website lists Elizabeth Brennan as the registered agent for the partnership and C&J Enterprises, LLC as the general partner for the partnership.

Having reviewed the evidence before it, the Court grants Diamond Resorts' motion for summary judgment because Coleman has provided no evidence indicating that Diamond Resorts was in fact her employer.  First, Coleman has provided no relevant employment documentation such as previous paychecks, a letter of termination, or tax documents.  Neither has Coleman provided an affidavit in which she testifies that Diamond Resorts was her employer. Second, the evidence Coleman presents does not indicate that Diamond Resorts employed her. The printout from the Nevada Secretary of State indicates that a partnership named "Nevada Resort Properties Polo Towers" is licensed in Nevada, but the general partner of the partnership is "C&J Enterprises", not Diamond Resorts.  In fact, Diamond Resorts does not appear anywhere on the printout.  Given both Coleman's lack of evidence linking Diamond Resorts to her employment

and the fact that the document Coleman provides to the Court does not mention Diamond Resorts, the Court finds no reasonable juror could conclude that Diamond Resorts employed Coleman.

## CONCLUSION

Accordingly, and for good cause appearing,

IT IS HEREBY ORDERED that Defendant Diamond Resorts' Motion to Dismiss or, in the Alternative for Summary Judgment (#6) is GRANTED.

The Clerk of the Court is hereby ordered to close this case.

Dated: August 4, 2010

_____
ROGER L. HUNT
Chief United States District Judge

AO 72
(Rev. 8/82)